IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIM WECKBACHER<br>P.O. Box 133<br>Lower Salem, Ohio 45745 | Case No. 2:16-cv-1187<br>Judge<br><br>Magistrate Judge |
|       Plaintiff, | |
| - vs - | |
| MEMORIAL HEALTH SYSTEM<br>MARIETTA MEMORIAL HOSPITAL<br>By Serving Its Registered Agent<br>  Paul G. Westbrock<br>  401 Matthew Street<br>  Marietta, Ohio 45750 | **COMPLAINT**<br>**WITH JURY DEMAND**<br>**ENDORSED HEREIN** |
|       Defendant. | |

## **COMPLAINT**

### I.    **JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1(b) because the acts giving rise to the claims of the Plaintiff occurred within this judicial district, and Defendant regularly conducts business in and has engaged and continues to engage in the wrongful conduct alleged herein – and thus, are subject to personal jurisdiction within – this judicial district.

3. Pursuant to Southern District of Ohio Local Rule 3.1(b) this case is related to *Myers v. Memorial Health System*, Case No. 2:15-cv-2956 before Judge Algenon L. Marbley.

**II.     PARTIES**

4.     Plaintiff, Kim Weckbacher, is a citizen of the State of Ohio who was employed as a nurse by Defendant in Marietta, Ohio during the statutory period covered by this Complaint.

5.     Ms. Weckbacher's "Consent to Sue" is attached to this complaint as Exhibit A.

6.     Defendant, Marietta Memorial Hospital, is a non-profit corporation organized under the laws of the State of Ohio and has conducted business throughout the State of Ohio.

7.     Defendant's principal place of business is located at 401 Matthew Street, Marietta, Ohio 45750 and it regularly conducts business within this judicial district.

**III.    STATEMENT OF FACTS**

8.     Ms. Weckbacher began employment with Marietta Memorial Hospital on September 14, 1995.

9.     Defendant maintained an illegal policy wherein it automatically deducted a 30 minute unpaid lunch for each shift its employees worked, regardless of whether the employee actually took a bona fide lunch break.

10.    As a result of this policy, Defendant forced employees, including Ms. Weckbacher, to work during lunch and did not compensate them for that work.

11.    Ms. Weckbacher reported and openly questioned the lunch deduction policy and Defendant's failure to pay her and her coworkers.

12.    A lawsuit was brought in this Court on behalf of a class of similarly situated employees, which included Ms. Weckbacher. *See Myers v. Memorial Health System*, Case No. 2:15-cv-2950.

13. On August 17, 2016, this court conditionally certified a collective class in *Myers v. Memorial Health System*, Case No. 2:15-cv-2950.

14. On October 2, 2016, Ms. Weckbacher joined the collective action against Defendant, *Myers v. Memorial Health System*, Case No. 2:15-cv-2956.

15. After joining the lawsuit, Ms. Weckbacher informed her colleagues that they would not be punished or retaliated against for joining the lawsuit.

16. Ms. Weckbacher spoke to a colleague of hers that worked at the front desk about the lawsuit.

17. The front desk employee was reprimanded for eating at her desk after video tapes were pulled; video tapes which would have overheard conversations Ms. Weckbacher had with her co-workers regarding the lawsuit.

18. On October 12, 2016, 10 days after joining the lawsuit, Ms. Weckbacher was wrongfully and unjustly terminated without cause.

19. Defendant terminated Ms. Weckbacher in retaliation to her joining and discussing the lawsuit.

20. Defendant never took any action to rectify the illegal lunch break practice, or to ameliorate the unsafe work conditions created, in part, by the application of the illegal lunch deduction policy.

21. Through reprimanding Ms. Weckbacher, and failing to rectify illegal pay violations, Defendant created a hostile work environment.

22. Ms. Weckbacher asked for a meeting after Defendant terminated her, and explained that she thought the termination was in retaliation to her joining the lawsuit. At first Defendant said it would let Ms. Weckbacher resign and that Ms. Weckbacher would have to pay

a small sum of money (which she did not owe). But, Defendant ultimately revoked its decision (in further retaliation) and now insists that it terminated Ms. Weckbacher with cause (which it did not).

23. Since terminating Ms. Weckbacher, Defendant has continued to retaliate and harass her by appealing her unemployment claim.

24. Defendant has also continued to retaliate by threatening retaliatory litigation—to sue Ms. Weckbacher for money she does not owe.

## **FIRST CAUSE OF ACTION**
### **(FLSA Retaliation)**

25. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 24 above as if they were fully set forth herein.

26. Defendant unlawfully retaliated against Ms. Weckbacher in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq.

27. Ms. Weckbacher engaged in a protected activity when she reported and openly questioned the lunch deduction policy and Defendant's failure to pay her and her coworkers.

28. Ms. Weckbacher engaged in protected activity when she joined the lawsuit *Myers v. Memorial Health System*, Case No. 2:15-cv-2956.

29. Ms. Weckbacher engaged in a protected activity when she discussed not receiving pay for lunches and joining the lawsuit with co-workers, and discussed that Defendant could not retaliate.

30. Defendant knew that Ms. Weckbacher engaged in these protected activities.

31. Because of Ms. Weckbacher's engagement in protected activities, Defendant retaliated against and terminated her.

4

32. Because of Ms. Weckbacher's engagement in protected activities, Defendant retaliated and threatened to sue her for money it initially said she does not owe, and for money she does not have any legal obligation to pay Defendant.

33. Because of Ms. Weckbacher's engagement in protected activities, Defendant has retaliated by continuing to appeal her unemployment claim.

34. As a direct and proximate result of Defendant's conduct, Ms. Weckbacher has suffered and continues to suffer emotional distress and damages. In addition, Ms. Weckbacher is entitled to lost wages, compensatory damages, noncompensatory damages, liquidated damages, punitive damages, all available interest, costs, and attorneys' fees, injunctive relief, and all other remedies available, as result of Defendant's retaliation in violation of 29 U.S.C. §215.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests this Court grant the following relief against Defendant:

a. An award of damages in an amount to be proved at trial, including but not limited to lost wages, compensatory damages, non-compensatory damages, emotional distress damages, nominal damages, liquidated damages, and punitive damages;

b. An award prejudgment, post judgment, and all other interest available under law;

c. An award of the costs and expenses incurred in bringing this action together with reasonable attorneys' fees and expert fees;

d. An injunction, prohibiting Defendant from further retaliation or threats of retaliation; and

e. Such other and further legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

/s/ Steven C. Babin, Jr.
Steven C. Babin, Jr.     (0093584)
Lance Chapin                (0069473)
Chapin Legal Group, LLC
580 South High Street, Suite 330
Columbus, Ohio  43215
Telephone:     614.221.9100
Facsimile:      614.221.9272
E-mail:   sbabin@chapinlegal.com
              lchapin@chapinlegal.com

Attorneys for Plaintiff Kim Weckbacher

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues.

/s/ Steven C. Babin, Jr.
Steven C. Babin, Jr.     (0093584)
Chapin Legal Group, LLC

Attorney for Plaintiff Kim Weckbacher