# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KIM WECKBACHER,** | :<br>: **Case No. 2:16-cv-01187** |
| **Plaintiff,** | :<br>: **JUDGE ALGENON L. MARBLEY** |
| v. | :<br>: Magistrate Judge Vascura |
| **MARIETTA MEMORIAL HOSPITAL,** | :<br>:<br>: |
| **Defendant.** | : |

| | |
|---|---|
| **LYNNETT MYERS, et al.,** | :<br>: **Case No. 2:17-cv-00438** |
| **Plaintiffs,** | :<br>: **JUDGE ALGENON L. MARBLEY** |
| v. | :<br>: Magistrate Judge Vascura |
| **MARIETTA MEMORIAL HOSPITAL,** | :<br>:<br>: |
| **Defendant.** | : |

| | |
|---|---|
| **JOSHUA BOOTH,** | :<br>: **Case No. 2:17-cv-00439** |
| **Plaintiff,** | :<br>: **JUDGE ALGENON L. MARBLEY** |
| v. | :<br>: Magistrate Judge Vascura |
| **MARIETTA MEMORIAL HOSPITAL,** | :<br>:<br>: |
| **Defendant.** | : |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Marietta Memorial Hospital's Motion for Reconsideration of the Court's June 3, 2019 Opinion and Order consolidating the above-captioned cases or, in the alternative, to Sever Based on Improper Joinder. (16-cv-01187, Doc. 41; 17-cv-00438, Doc. 44; 17-cv-00439, Doc. 38.) This Court looks disfavorably upon motions for reconsideration, especially those filed four months after-the-fact and on the eve of trial. Nevertheless, for the reasons set forth below, the Court **DENIES** Defendant's Motion.

**II. BACKGROUND**

On April 9, 2019, the Court held a status conference with counsel for all parties involved in this action. The parties were asked to present their positions with respect to consolidating the above-captioned cases. Those positions were memorialized in a Joint Motion filed on April 16, 2019. (16-cv-01187, Doc. 31; 17-cv-00438, Doc. 33; 17-cv-00439, Doc. 25.) After considering the parties' arguments for and against consolidation, the Court entered an Opinion and Order on June 3, 2019 consolidating the cases. (16-cv-01187, Doc. 33; 17-cv-00438, Doc. 35; 17-cv-00439, Doc. 27.) The Court held that the claims of the four Plaintiffs "involve many of the same questions of law, and determining the disputed facts would be accomplished with more alacrity if the cases were consolidated." (*Id.*) Further, the Court emphasized that "consolidating these three similar cases avoids the risk of preclusion, whereby one party's adverse finding bars subsequently similarly situated parties from mounting their own thorough argument or defense." (*Id.*)

## III. LAW & ANALYSIS

Irrespective of what Defendant titles its Motion, the Court recognizes it for what it truly is: a Motion for Reconsideration of the Court's June 3, 2019 Opinion and Order. This Court has previously summarized the legal landscape surrounding motions for reconsideration:

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates one of the following: (1) a manifest error of law; (2) newly discoverable evidence which was not previously available to the parties; or (3) intervening change of controlling law. Neither the passage of time, during which the legal landscape did not change, nor a different spin on the same arguments, is a proper basis for a motion for reconsideration. Furthermore, mere dissatisfaction with a Court's ruling is an inappropriate and insufficient ground to support a motion for reconsideration. This doctrine reflects the sound policy that litigation should not be subject to instant replays but rather decided and put to rest.

*Ohio Midland, Inc. v. Proctor*, 2006 WL 3793311, *2 (S.D. Ohio Nov. 28, 2006) (internal quotations and citations omitted).

Here, Defendant presents the same arguments that the Court considered in deciding that consolidation of the above-captioned cases was appropriate. Indeed, Defendant argued that the cases should not be consolidated because the underlying facts in each were different, such that trying them together could lead to juror confusion. Defendant also argued that the retaliation claims each Plaintiff brought were individualized and that consolidating the cases could lead a jury to infer that the existence of multiple claims proves they have merit. Similarly, in the Motion currently before the Court, Defendant argues that each Plaintiff's claims are unique to that individual and that the different set of facts underlying each case could confuse the jury.

Simply put, Defendant has not demonstrated that the Court's prior Opinion and Order was based on a manifest error of law. Rather, Defendant is dissatisfied with the Court's ruling and attempts to put a different spin on the arguments that the Court already rejected. Moreover, the potential prejudice that Defendant claims it will face from trying these cases together is rooted in

speculation and can be managed with appropriate jury instructions.  Accordingly, for the reasons set forth in the Court's June 3, 2019 Opinion and Order, Defendant's Motion is **DENIED**.

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant's Motion for Reconsideration or, in the alternative, to Sever Based on Improper Joinder.  (16-cv-01187, Doc. 41; 17-cv-00438, Doc. 44; 17-cv-00439, Doc. 38.)

**IT IS SO ORDERED.**

                                                   /s/ Algenon L. Marbley_____
                                                  **ALGENON L. MARBLEY**
                                                  **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: October 16, 2019**