IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIM WECKBACHER, | : | |
| | : | Case No. 2:16-cv-01187 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Vascura |
| MEMORIAL HEALTH SYSTEM MARIETTA | : | |
| MEMORIAL HOSPITAL, | : | |
| | : | |
| Defendant. | : | |

_____

| | | |
|---|---|---|
| LYNNETT MYERS, et al., | : | |
| | : | Case No. 2:17-cv-00438 |
| Plaintiffs, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Vascura |
| MEMORIAL HEALTH SYSTEM MARIETTA | : | |
| MEMORIAL HOSPITAL | : | |
| | : | |
| Defendant. | : | |

_____

| | | |
|---|---|---|
| JOSHUA BOOTH, | : | |
| | : | Case No. 2:17-cv-00439 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Vascura |
| MEMORIAL HEALTH SYSTEM MARIETTA | : | |
| MEMORIAL HOSPITAL | : | |
| | : | |
| Defendant. | : | |

_____

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on four pretrial Motions: (1) Defendant's Motion to Exclude Punitive Damages Under the Fair Labor Standards Act and/or, in the alternative, to Bifurcate Punitive and Compensatory Damages; (2) Defendant's Motion in Limine to Exclude (i) evidence of any other Claims and/or Lawsuits against Memorial Health System Marietta Memorial Hospital, (ii) evidence connected to Plaintiffs' Unemployment Compensation Proceedings, and (iii) any Inferences of Wrongdoing Related to Defendant's Non-Solicitation Agreement with Jackson Nurse Professionals; (3) Plaintiffs' Motion in Limine to Exclude Questioning or Argument Implying, without a Good-Faith Basis, that Plaintiffs Performed Poorly in their Post-Hospital Employment; and (4) Defendant's Motion to Exclude Witnesses from Trial. (Docs. 42, 45, 48, 67.)[1] The Court held a Final Pretrial Conference in this case on November 4, 2019. For the reasons set forth below, the Court **DENIES** Defendant's Motion to Exclude Punitive Damages Under the FLSA and/or, in the alternative, Bifurcate Punitive and Compensatory Damages [#42]; **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion in Limine [#45]; **GRANTS** Plaintiffs' Motion in Limine [#48]; and **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Exclude Witnesses [#67].

**II. ANALYSIS**

**1. Motion to Exclude or Bifurcate Punitive Damages**

Defendant asks the Court to preclude Plaintiffs from seeking punitive damages under the Fair Labor Standards Act ("FLSA"). In the alternative, Defendant asks the Court to bifurcate the

---

[1] This is a consolidated case. For simplicity, all references to the Docket will be to the Motions filed in case number 16-cv-01187.

2

issues of liability and compensatory damages from punitive and exemplary damages. For the reasons that follow, the Court **DENIES** Defendant's Motion [#42].

### A. Whether Punitive Damages are Available for Violations of the FLSA

Defendant notes that the Sixth Circuit has never expressly authorized punitive damages for an FLSA retaliation claim. Defendant, therefore, argues that this Court should preclude Plaintiffs from attempting to recover such damages. Plaintiffs raise two arguments in response: (1) Defendant's Motion is procedurally improper; and (2) district courts within this circuit, and out of circuit, have recognized the propriety of punitive damages for an FLSA retaliation claim.

The FLSA's prohibition against retaliation is codified at 29 U.S.C. § 215(a)(3). 29 U.S.C. § 216(b), in turn, sets forth the damages that can be recovered for a violation of this statute:

> Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

29 U.S.C. § 216(b). Without resolving the issue, the Sixth Circuit has recognized a split in authority surrounding whether § 216(b) contemplates an award of punitive damages. *See Moore v. Freeman*, 355 F.3d 558, 564 (6th Cir. 2004) ("[T]he circuits are divided on the question of whether the statute permits punitive damages[.]").

In *Snapp v. Unlimited Concepts, Inc.*, the Eleventh Circuit rejected the position that punitive damages are recoverable under § 216(b). 208 F.3d 928, 934 (11th Cir. 2000). There, the court held that because the relief listed in § 216(b) is compensatory in nature, punitive damages, which are aimed at punishment, do not fit this scheme. *Id.* Further, the court concluded that § 216(a), which provides for criminal penalties for willful violations of § 215, was intended to foreclose punitive sanctions in other sections of the statute. *Id.* at 935. This holding, however, stands in stark contrast to the Seventh Circuit's decision in *Travis v. Gary Community Mental*

3

*Health Center, Inc.*, where the court authorized an award of punitive damages under § 216(b). 921 F.2d 108, 111-12 (7th Cir. 1990). In *Travis*, the court emphasized that Congress amended the FLSA in 1977. *Id.* at 111. Prior to this time, compensatory and punitive damages were precluded under the statute. *Id.* But following the amendment, Congress expressly authorized courts to award "legal relief," a term the Seventh Circuit recognized as commonly including "compensatory and punitive damages." *Id.* Using this reasoning, several district courts within the Sixth Circuit, and out of circuit, have followed the guidance of *Travis* and found punitive damages available under § 216(b). *See, e.g.*, *Felder v. Charles H. Hill Contractors, Inc.*, 2013 WL 12033162, at *3 (W.D. Tenn. Oct. 24, 2013) ("[T]he court is persuaded by decisions in this and other district and circuit courts that punitive damages are available under 29 U.S.C. §§ 215(a)(3) and 216(b)."); *Brown v. Creative Restaurants, Inc.*, 2013 11043343, at *5 (W.D. Tenn. Feb. 19, 2013) ("In the absence of authority from the Sixth Circuit, the Court adopts the reasoning of the Seventh Circuit in holding that a plaintiff under § 215(a)(3) may recover punitive damages under § 216(b)."); *Lewey v. Vi-Jon, Inc.*, 2012 WL 1859031, at *7 (E.D. Mo. May 22, 2012) ("The court agrees with those courts that have found that the FLSA anti-retaliation provision remedy of 'legal relief' encompasses punitive damages."); *Wolfe v. Clear Title, LLC*, 654 F. Supp. 2d 929, 936 (E.D. Ark. 2009) ("It is contrary to the legislative intent, as expressed in this broadly worded provision, to exclude punitive damages from the relief authorized by subsection 216(b)."); *Travis v. Knappenberger*, 2000 WL 1853084, at *14 (D. Or. Dec. 13, 2000) ("Because the statute provides that the legal and equitable relief available is 'without limitation,' it may include compensatory and punitive damages."); *but see Allen v. Garden City Co-Op, Inc.*, 651 F. Supp. 2d 1249, 1265 (D. Kan. 2009) ("This Court finds the analysis in *Snapp* persuasive" and concludes "that punitive damages are unavailable under section 216(b) of the FLSA . . . ."); *Johnston v. Davis Sec., Inc.*,

217 F. Supp. 2d 1224, 1231 (D. Utah 2002) ("This court agrees with *Snapp* that 'there is simply no reason to carry the punitive element over from section 216(a) to section 216(b), a provision intended to compensate, not punish.'"); *Lanza v. Sugarland Run Homeowners Ass'n, Inc.*, 97 F. Supp. 2d 737, 740 (E.D. Va. May 23, 2000) ("While the statutory language and the legislative history provide little guidance, the remedial scheme of § 216(b) points persuasively to the conclusion that the FLSA, as written, does not permit the award of punitive damages.").

As an initial matter, the Court finds that Defendant's Motion is procedurally improper. A motion in limine is not a vehicle for Defendant to raise legal merits questions that should have been resolved at the summary judgment stage. *See Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) ("[A] mechanism already exists in civil actions to resolve non-evidentiary matters prior to trial—the summary-judgment motion. Allowing a party to litigate matters that have been or should have been resolved at an earlier stage not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but also deprives their opponents of the procedural protections that attach at summary judgment."). For this reason, alone, the Court **DENIES** Defendant's Motion to Preclude Punitive Damages under the FLSA. *See Felder*, 2013 WL 12033162, at *2 ("[T]he court finds that [defendant's] present motion in limine raises a substantive legal issue – namely, whether punitive damages are available under 29 U.S.C. §§ 215(a)(3) and 216(b) – rather than an evidentiary issue . . . . [T]he court finds that [defendant's] motion in limine is not the proper procedural device for a substantive argument concerning the availability of punitive damages.").

But even if the Court were to reach the merits of Defendant's Motion, Defendant fails to explore its argument with any depth. Rather, Defendant presents a string cite of cases that have followed the Eleventh Circuit's decision in *Snapp*, without providing any additional analysis. Defendant also fails to acknowledge the opposite position in the Seventh Circuit's *Travis* decision.

Notwithstanding the above, in *Moore*, the Sixth Circuit held that "the evident purpose of section 216(b) is compensation." *See* 355 F.3d at 563. This aligns with the Eleventh Circuit's reasoning in *Snapp* for declining to recognize punitive damages under § 216(b) and suggests that the Sixth Circuit may eventually fall on the same side of the aisle. *See* 208 F.3d at 934-35. But at this time, absent binding precedent to the contrary, and because Defendant's Motion is procedurally improper, the Court will not preclude Plaintiffs from seeking punitive damages under § 216(b). For these reasons, the Court **DENIES** Defendant's Motion to Preclude Punitive Damages under the FLSA.

### B. Whether to Bifurcate Punitive Damages from Compensatory Damages

In the alternative, Defendant asks the Court to bifurcate punitive damages from compensatory damages in the upcoming trial pursuant to Ohio Revised Code § 2315.21(B)(1). That statute, in relevant part, provides:

> In a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages, upon the motion of any party, the trial of the tort action shall be bifurcated.

O.R.C. § 2315.21(B)(1); *see also* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").

Here, Plaintiffs have waived the right to collect punitive damages on their state law claims. (*See* Doc. 60 at 8 ("Plaintiffs hereby waive any claims to punitive damages pursuant to Ohio state law.").) Thus, O.R.C. § 2315.21(B)(1) is inapplicable to this discussion. Further, Defendant gives no reason why the Court should exercise its discretion pursuant to Federal Rule of Civil Procedure 42(b) and bifurcate Plaintiffs' claims for punitive damages under the FLSA from their claims for

compensatory damages under Ohio state law. Accordingly, the Court **DENIES** Defendant's Motion.

### 2. Motions in Limine

A motion in limine refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The purpose of such a motion is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). In disposing of a motion in limine, the guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

Generally, evidence that is relevant is admissible at trial. *Cf.* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 402. Even where evidence is relevant, however, a trial court has the discretion to exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### A. Defendant's Motion in Limine

Defendant asks the Court to exclude three categories of evidence: (i) evidence of any other claims or lawsuits brought against Memorial Health System Marietta Memorial Hospital; (ii) evidence presented at Plaintiffs' unemployment compensation proceedings; and (iii) any inferences of wrongdoing related to Defendant's non-solicitation agreement with Jackson Nurse

7

Professionals. For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion [#45].

    i.    Evidence of Other Claims or Lawsuits

First, Defendant asks the Court to exclude evidence of any other lawsuits or claims brought against Memorial Health System Marietta Memorial Hospital, arguing that the merits of these suits have no relevance to the FLSA retaliation claims in Plaintiffs' present action. Defendant also asks the Court to exclude all evidence related to the preliminary injunction hearing in Plaintiffs' underlying FLSA class-action case.[2] Plaintiffs acknowledge that the merits of their FLSA class-action suit have no relevance to this case, but maintain the *fact* of the claims in that lawsuit, and information related to the *lawsuit itself*, are highly probative of their FLSA retaliation claims. The Court agrees.

To state a claim for FLSA retaliation, a plaintiff must establish four elements: (1) the employee engaged in protected activity; (2) the employer had notice of the employee engaging in protected activity; (3) the employee suffered an adverse employment action; and (4) there is a causal connection between the protected activity and the adverse employment action. *Evans v. Professional Transp., Inc.*, 614 F. App'x 297, 300 (6th Cir. 2015). As such, Plaintiffs intend to present the following evidence at trial:

> (1) That the FLSA Class Case is an FLSA lawsuit alleging Defendant systematically withheld payment for lunch breaks not taken by employees;
>
> (2) That Plaintiffs participated in the Class Case, either by serving as the named plaintiffs, or by opting-in to the lawsuit; and

---

[2] The focus of that preliminary injunction hearing was on Defendant's alleged unilateral ex-parte communications with potential class members. At the hearing, the Court heard evidence that included the alleged retaliatory acts by Defendant against the Plaintiffs for their decisions to join the class-action suit. (*See Myers, et al. v. Memorial Health System Marietta Memorial Hospital, et al.*, 15-cv-02956; Doc. 136.)

> (3) That there is evidence which shows that Defendant's actions regarding Plaintiffs were motivated in part by their participation in the FLSA Class Case.

(*See* Doc. 64 at 4.)

Here, the Court finds that the evidence Plaintiffs intend to introduce is highly probative of their FLSA retaliation claims, and in fact, necessary to present at trial. Hence, the Court will not, at this time, issue a broad order precluding Plaintiffs from referencing the claims in their FLSA class-action suit.[3] This includes not prohibiting Plaintiffs from eliciting evidence presented at the preliminary injunction hearing in that suit. Plaintiffs will, however, be expected to refrain from attempting to litigate the merits of their FLSA class-action suit in this forum. Plaintiffs will also be prohibited from referencing the fact of the preliminary injunction hearing and its outcome, as this information has little probative value, but a substantial likelihood of prejudice. *See Mar Oil Co. v. Korpan*, 2015 WL 1523994, at *5 (N.D. Ohio Apr. 3, 2015) ("Evidence as to the fact of the preliminary injunction hearing and its outcome is not admissible. Evidence presented at the hearing is admissible for proper purposes, among them impeachment."). Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion. Defendant will be permitted to renew its objections at trial if Plaintiffs stray too far from the focus of this case.

    ii.    <u>Evidence Presented at Unemployment Compensation Proceedings</u>

Next, Defendant asks the Court to exclude any evidence related to Plaintiffs' unemployment compensation proceedings. Defendant argues that such evidence is inadmissible under Ohio law.

Ohio Revised Code § 4141.21, in relevant part, provides:

> [T]he information . . . furnished to the director by employers or employees pursuant to this chapter is for the exclusive use and information of the department of job and family

---

[3] Plaintiffs seemingly concede that evidence of other lawsuits filed against Memorial Health System Marietta Memorial Hospital is irrelevant to this case and should be precluded from trial.

9

services in the discharge of its duties and shall not be open to the public or be used in any court in any action or proceeding pending therein, or be admissible in evidence in any action, other than one arising under this chapter or section 5733.42 of the Revised Code.

O.R.C. § 4141.21. State privilege law, however, "is not controlling in federal question cases." *Freed v. Grand Court Lifestyles, Inc.*, 100 F. Supp. 2d 610, 612 (S.D. Ohio 1998). Indeed, "[i]n federal court when dealing with a federal question [Fed. R. Evid.] 501 states that privilege shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." *Id.* (quoting *Hancock v. Dodson*, 958 F.2d 1367, 1372-73 (6th Cir. 1992)) (internal quotations omitted). This rule applies "even when pendent state law claims exist." *Id.* (citing *Hancock*, 958 F.2d at 1373).

Here, the claims before the Court are predicated on federal question jurisdiction under the FLSA. As such, O.R.C. § 4141.21, alone, does not bar Plaintiffs from presenting evidence from their unemployment compensation proceedings. *See Williams v. United Steelworkers of America*, 2011 WL 2135179, at *8 (S.D. Ohio May 27, 2011) ("Despite [§ 4141.21], ODJFS records are not entitled to an absolute privilege in federal courts."). Because Defendant raises no other arguments for the exclusion of this evidence, the Court **DENIES** Defendant's Motion.

iii. Inferences of Wrongdoing for Entering into Non-Solicitation Agreement

Finally, Defendant asks the Court to exclude evidence suggesting wrongdoing on their part for entering into a non-solicitation agreement with Jackson Nurse Professionals. Specifically, Defendant seeks an order prohibiting Plaintiffs from arguing that the agreement was illegal.

Plaintiffs represent that they do not intend to argue that the non-solicitation agreement was illegal; rather, they intend to argue that Defendant entered into this agreement to punish and retaliate against two of the individuals who served as lead plaintiffs in the FLSA class-action case. Defendant's Motion is, therefore, **GRANTED**. Plaintiffs will be prohibited from arguing that

10

Defendant's non-solicitation agreement with Jackson Nurse Professionals was illegal. They will, however, be permitted to argue that Defendant entered into the non-solicitation agreement with the intent to punish or retaliate against Plaintiffs. This assumes Plaintiffs will provide evidence to support that argument.

## B. Plaintiffs' Motion in Limine

Plaintiffs' Motion in Limine asks the Court to exclude questions or argument implying, without a good-faith basis, that they performed poorly in their post-hospital employment. This request is well taken considering Plaintiffs' performance in their post-hospital employment has little to no relevance to the claims of retaliation in this case. Moreover, Defendant acknowledges that it must have a good-faith basis to proceed with this line of questioning and argument. Accordingly, the Court **GRANTS** Plaintiffs' Motion [#48].

### 3. Motion to Exclude Witnesses

As a final matter, Defendant asks the Court, pursuant to Federal Rule of Civil Procedure 37, to exclude several witnesses that Plaintiffs either failed to disclose in their initial disclosures or responses to Defendant's interrogatories or failed to supply a brief summary of that witness's testimony, the purpose of that testimony, and the major issue about which that witness will testify. The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion [#67].

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Federal Rule of Civil Procedure 26(a) governs initial disclosures and Rule 26(e) concerns the duty to supplement these initial disclosures and other discovery responses. *See* Fed. R. Civ. P. 26(a) and (e). Under Rule

11

26(a), a party must disclose, among other things, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a). A party must supplement these initial disclosures, as well as responses to interrogatories and other discovery, "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

Here, Plaintiffs failed to disclose ten witnesses in their initial disclosures or in their responses to Defendant's interrogatories that they now wish to present at trial. Plaintiffs have voluntarily excluded four of these witnesses, but Defendant still objects to the remaining six. Plaintiffs present no justification for failing to disclose these witnesses, as was their obligation under Rule 26. Rather, they blame Defendant for not requesting an updated witness list sooner. Simply put, this does not satisfy Plaintiffs burden of demonstrating substantial justification for their omission. Further, Plaintiffs make no effort to demonstrate that this omission was harmless. Accordingly, the Court **EXCLUDES** the following six witnesses from testifying at trial: (1) Mary Goode; (2) Gina Tucker; (3) Marlee Alkire; (4) Scott Cantley; (5) DeAnn Galuff; and (6) Pam Heimann. *See Horn v. R.C. Hemm Glass Shops, Inc.*, 2017 WL 2779716, at *3 (S.D. Ohio June 26, 2017) ("Until Defendant actually identified these individuals as witnesses, Plaintiff had little incentive to depose them or conduct written discovery. Accordingly, Defendant's failure to timely identify them as witnesses cannot be deemed harmless."); *Oster v. Huntington Bancshares Inc.*, 2017 WL 3208620, at *10 (S.D. Ohio July 28, 2017) (Marbley, J.) ("While [Plaintiff] may have known of the existence of these people and the substance of their knowledge, she did not know

their statuses as witnesses until months after the discovery deadline. Therefore, the information at issue here (the witness status of the proposed witnesses) 'had not otherwise been made known to the other parties during the discovery process or in writing' and Defendants breached their duties under Rule 26(e).").

The Court will not, however, exclude the other witnesses identified in Defendant's Motion. Defendant objects to these witnesses not because Plaintiffs failed to identify them in their initial disclosures or in their responses to Defendant's interrogatories; instead, Defendant seeks their exclusion on the basis that Plaintiffs' summary of their proposed testimony was boilerplate, in violation of the Court's pretrial instructions.

Here, the Court agrees that Plaintiffs' initial witness summaries lacked the substance that the Court required. Indeed, for many of these witnesses, Plaintiffs simply included one conclusory statement: "[H]as information regarding Plaintiff's claims." (*See* Doc. 67-1.) But Plaintiffs have since supplemented these summaries with slightly more insightful information. (*See* Doc. 68-1.) Moreover, given that Defendant had advance notice of these individuals being potential witnesses, it had plenty of opportunity to conduct independent discovery. Therefore, the Court finds that Defendant was not prejudiced in any material way by Plaintiffs' initial witness summaries. And certainly not to the extent that would justify the exclusion of these witnesses at trial. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Exclude Witnesses [#67].

### III. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant's Motion to Exclude Punitive Damages Under the FLSA and/or, in the alternative, Bifurcate Punitive and Compensatory Damages [#42]; **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion in Limine

[#45]; **GRANTS** Plaintiff's Motion in Limine [#48]; and **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Exclude Witnesses [#67].

**IT IS SO ORDERED.**

      /s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 5, 2019**