IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIM WECKBACHER, : | |
| : | Case No. 2:16-cv-01187 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Vascura |
| MEMORIAL HEALTH SYSTEM MARIETTA : | |
| MEMORIAL HOSPITAL, : | |
| : | |
| Defendant. : | |

| | |
|---|---|
| LYNNETT MYERS and CAROL BUTLER, : | |
| : | Case No. 2:17-cv-00438 |
| Plaintiffs, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Vascura |
| MEMORIAL HEALTH SYSTEM MARIETTA : | |
| MEMORIAL HOSPITAL : | |
| : | |
| Defendant. : | |

| | |
|---|---|
| JOSHUA BOOTH, : | |
| : | Case No. 2:17-cv-00439 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Vascura |
| MEMORIAL HEALTH SYSTEM MARIETTA : | |
| MEMORIAL HOSPITAL : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

1

## I. INTRODUCTION

This matter is before the Court on Plaintiffs Kim Weckbacher, Lynnett Myers, Carol Butler, and Josh Booth's Motion Opposing the Imposition of Costs. Doc. 99. For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion [#99].

## II. BACKGROUND

On November 20, 2019, a unanimous jury entered a verdict in favor of Defendant Marietta Memorial Hospital and against Plaintiffs Kim Weckbacher, Lynnett Myers, Carol Butler, and Josh Booth on their claims for Retaliation under the Fair Labor Standards Act and claims for Tortious Interference with a Business Relationship under Ohio law. On December 27, 2019, Defendant, as the prevailing party, filed a Motion to Approve its Bill of Costs, seeking reimbursement of $16,151.76 in fees and costs. On July 1, 2020, the Clerk of Court entered an Order awarding the entirety of Defendant's fees and costs. Plaintiffs have now filed a Motion opposing that award.

## III. LAW AND ANALYSIS

Plaintiffs oppose the imposition of fees and costs on four grounds: (1) the award poses a financial burden; (2) their lawsuit was brought in good faith; (3) this was a close case; and (4) awarding fees and costs would have a chilling effect on future litigation.

Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Importantly, "where a prevailing party requests costs under Rule 54(d), it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of [those costs]." *Williams v. Gen. Elec. Co.*, 2006 WL 8442088, at *2 (S.D. Ohio May 15, 2006) (Marbley, J.) (quoting *Goostree v. Tennessee*, 796 F.2d 854, 863-64 (6th Cir. 1986)) (internal quotations omitted). The Sixth Circuit has identified

2

four circumstances in which the denial of fees and costs may be a proper exercise of a district court's discretion: (1) circumstances in which taxable expenditures are "unnecessary and unreasonably large"; (2) cases in which the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues; (3) cases where the prevailing party's recovery is so "insignificant that the judgment amounts to a victory for the defendant"; and (4) cases that are "close and difficult." *Id.* (citing *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)).

Here, Plaintiffs have met their burden of overcoming Rule 54(d)'s presumption favoring an award of fees and costs. First, the Court finds that the financial hardship Plaintiffs face weighs heavily against an award of fees and costs. We are in the midst of an unprecedented pandemic that has resulted in millions of out-of-work Americans. All four Plaintiffs, who are nurses in an overwhelmed medical industry, have submitted declarations attesting that they are the sole wage earners for their families. *See* Docs. 99-1, 99-2, 99-3, 99-4. Further, two of the Plaintiffs have children with special needs, which requires expensive medical treatment. *See* Docs. 99-1, 99-3. Imposing $16,151.76 in fees and costs on these families at this time could push them over the brink of financial collapse. *See Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) ("Although the ability of the winning party to pay his own costs is irrelevant, another factor weighing in favor of denying costs is the indigency of the losing party.") (internal citations omitted).

Second, the Court finds that the good faith with which Plaintiffs pursued this case, coupled with the closeness of the case, also weighs against an award of fees and costs. *White & White*, 786 F.2d at 730, 733 ("An example of a relevant but insufficient basis for denying costs is the good faith a losing party demonstrates in filing, prosecuting or defending an action.") ("The case was not a simple one and we find that . . . the district court acted properly in considering the length and

3

difficulty of the case as a factor in denying costs to AHSC."). The good-faith basis behind Plaintiffs' lawsuit is evidenced by the fact that this case survived summary judgment. And, although employment discrimination is not a complex area of law, this was by no means a simple case to litigate. To the contrary, this was a condensed action involving four Plaintiffs who all asserted different factual bases for their claims. Because of the extensive factual record, this case took seven days to litigate at trial. Consequently, the jury had the difficult task of compartmentalizing the circumstances surrounding each Plaintiffs' cause of action, so as not to conflate the issues presented. *Id.* at 732-33 ("The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case."). Given the good faith in which Plaintiffs pursued this action, the closeness of this case, and the financial hardship that would ensue absent relief, the Court finds that Plaintiffs have rebutted the presumption in favor of imposing fees and costs under Rule 54(d).[1]

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Plaintiffs' Motion Opposing the Imposition of Costs [#99].

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  September 3, 2020**

---

[1] As an aside, however, the Court rejects Plaintiffs' suggestion that imposing costs would have a chilling effect on future litigation. *See Williams*, 2006 WL 8442088, at *5 ("Plaintiff's contention that awarding costs to Defendant would prevent prospective plaintiffs from bringing similar . . . discrimination claims does not rebut the Rule 54(d) presumption that a prevailing party is entitled to its costs.").